# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |  |
|---|---|---|
| RONNIE NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-225 |
| | ) | |
| ELIZABETH HARREL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Ronnie Nicholson has filed an Amended Complaint explaining that he was acquitted on charges of malice murder and felony murder. Doc. 12. He has thus demonstrated a favorable termination of the criminal prosecution against him. *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003) (an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor); *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989) (acquittal on the merits is a favorable termination, regardless of whether a conviction on a lesser-included offense is returned); *see State v. Nicholson*, CR16-0179 (Chatham Super. Ct.) (jury verdict returned not guilty on charges of malice murder

and felony murder, and guilty on charges of aggravated assault, terroristic threats, and felon-in-possession of a gun during a felony). He names the various detectives involved in his prosecution, alleging they lacked probable cause to accuse him of "the crime of murder" — relying upon eyewitness testimony that admittedly did not identify Nicholson to sustain the murder charge — and more than $1 million in punitive and compensatory damages. Doc. 12 at 14.

"[F]or purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution include[ ]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "Probable cause exists when the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." *Miller v. Harget*, 458 F.3d 1251, 1259 (11th Cir. 2006) (internal quotes omitted). Malice may be inferred if: (1) defendants' acts were wanton; (2) were done with a reckless

disregard for or conscious indifference to the rights of the plaintiff; or (3) from the want of probable cause. *Fleming v. U-Haul Co. of Georgia*, 541 S.E. 2d 75, 78-79 (2000), quoted in *Stefani v. City of Grovetown*, 2016 WL 4611575 at *6 (S.D. Ga. Sept. 2, 2016).

Nicholson (barely) has alleged enough, at this stage, to warrant a response from the detective defendants involved in his state prosecution.[1] The Clerk is **DIRECTED** to forward a copy of this Order, along with Nicholson's Amended Complaint, to the Marshal for service upon defendants Elizabeth Harrel, Det. Banks, Rebekah Gregory, Eric Smith, and Byrony Harris. The Savannah Police Department (formerly known as the Savannah-Chatham Metropolitan Police Department), however, is not a legal entity subject to suit under § 1983. *Lovelace v. DeKalb Cent. Prob.*, 144 F. App' 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370

---

[1] Nicholson names these defendants in both their "individual and official capacities," but clarifies that each "is sued individually in his or her official capacity." Doc. 12 at 6. He does, however, seek punitive damages, indicating a desire to sue defendants in their individual capacities as well. *Id.* at 14; *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268-70 (1981).

(N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the City government fulfills its policing instructions."). The Police Department therefore should be **DISMISSED** from the Complaint.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x

542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>18th</u> day of March, 2019.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA