IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RONNIE NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 418-225 |
| ) | |
| ELIZABETH HARREL; DETECTIVE ) | |
| BANKS; REBEKAH GREGORY; ERIC ) | |
| SMITH; and BYRONY HARRIS, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned civil rights case *pro se* and is proceeding *in forma pauperis* ("IFP"). Before the Court is Defendants' motion to dismiss for failure to prosecute. (Doc. no. 29.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

On February 12, 2020, Defendants filed a motion to compel Plaintiff to respond to Defendants' First Interrogatories and First Requests for Production of Documents. (Doc. no. 25.) Defendants first served these discovery requests on December 19, 2020, making Plaintiff's responses due January 21, 2020. (Id. at 2; doc. no. 25-1.) After receiving no response, on January 31, 2020, Defendants sent a letter to Plaintiff pursuant to Federal Rule of Civil Procedure 37, requesting the discovery in ten days to avoid any motions to compel. (Doc.

no. 25; doc. no. 25-2.) Plaintiff failed to respond. On March 10, 2020, the Court granted Defendants' motion to compel and ordered Plaintiff to serve his responses to all of Defendants' outstanding discovery requests within ten days. (Doc. no. 28.) The Court warned Plaintiff failure to comply would constitute contempt and be punishable by sanctions up to and including dismissal with prejudice of this civil action. (Id.); see Fed. R. Civ. P. 37 (b)(2)(v) and 41 (b). The Court also ordered Defendants to file a certification for the record within two days of receiving Plaintiff's discovery responses. (Doc. no. 28.)

On March 25, 2020, Defendants filed the present motion to dismiss requesting the Court dismiss this case with prejudice because Plaintiff did not serve his responses to Defendants discovery requests as ordered by the Court's March 10th Order. (Doc. no. 29.) Defendants assert Plaintiff failed to respond to Defendants outstanding discovery requests despite the Court's Order. (Id.) After failing to respond to Defendants' motion to dismiss, on April 13, 2020, the Court warned Plaintiff of the consequences of failing to respond to Defendants' motion and directed Plaintiff to respond to the motion by April 23, 2020. (Doc. no. 30.) Plaintiff has yet to respond to Defendants' motion.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge

may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff failed to comply with the Court's March 10th and April 13th Orders directing him to serve his responses to the Court's discovery responses and respond to Defendants' motion to dismiss, respectively.  Plaintiff was warned in the Court's March 10th Order that failure to comply could result in dismissal of his case.  Further, Plaintiff has not filed anything in this case since June 27, 2019.  (See doc. no. 19.) Plaintiff's conduct in this case is precisely the type of neglect contemplated by the Local Rules.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP. Therefore, dismissal is warranted under Loc. R. 41.1 for want of prosecution.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

Therefore, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss for failure to prosecute be **GRANTED**, (doc. no. 29), and the case be **DISMISSED** without prejudice and **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to

4

appeal IFP.

SO REPORTED and RECOMMENDED this 30th day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA